UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


GEOFFREY TYSON, M.D.,

        Plaintiff,

    v.

OREGON ANESTHESIOLOGY GROUP, P.C.;
LEGACY PORTLAND HOSPITALS MEDICAL
 STAFF; et al.,

        Defendants.

Civil No. 03-1192-HA
ORDER

HAGGERTY, Chief Judge:

    This Opinion and Order addresses the petition from Legacy Portland Hospitals Medical Staff, Legacy Emanuel Hospital & Health Center, and Legacy Health System (collectively Legacy) seeking an award of $493,936.30, which includes attorney fees plus costs in the amount of $4,395.69. Plaintiff does not object to the Cost Bill seeking $4,395.69, and this court's independent examination of that Cost Bill finds that it is warranted.

    However, plaintiff does object to the petition for fees. Plaintiff contends that the requested fee amount should be reduced by subtracting the time spent litigating claims arising

PAGE 1 - ORDER

under the Americans with Disabilities Act (ADA) and Oregon's equivalent state statute because such claims were not unreasonable and were not pursed in bad faith. "Since all time on the case was invested in defending these claims," plaintiff contends, "any award of attorney fees can only be a nominal attorney fee." Objections at 3. Alternatively, plaintiff urges that "the court should limit any award to time spent litigating the motion for summary judgment on the counterclaims and the fee petition" and award only $53,477. *Id*.

Plaintiff also argues in the alternative that Legacy's initial claim for 1,960 hours should be reduced to 270 hours, and that in addition to any of these reductions, defense counsel's hourly rate should be reduced by a factor of twelve percent. *Id*.

**ANALYSIS**

At the outset, it must be noted that this court recognized previously that Legacy was entitled to summary judgment on its counterclaims for breach of contract. *See* Opinion and Order of June 6, 2008 (June 6, 2008 Order) at 6. The remaining issue of determining "whether plaintiff's express promise to reimburse Legacy for costs and reasonable fees incurred in defending a legal action such as this should be enforced" was identified in that Order. *Id*.

Plaintiff has failed to present any grounds for denying that his express reimbursement promise is enforceable.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The district court . . . should exclude from th[e] initial fee calculation hours that were not reasonably expended." *Id*. at 434 (internal quotation omitted). The court should exclude "hours that are excessive, redundant, or otherwise unnecessary." *Id*.

Plaintiff's primary objections are construed as challenging (1) the hours claimed as having been reasonably expended; and (2) whether the hourly rate that has been requested is reasonable. These are addressed in turn.

    **1.**    **Reasonable hours**

Plaintiff contends that Legacy invested "all time on the case" in defending his ADA claim and that "[t]he substantive law precludes an award of attorneys' fees in prosecuting an unsuccessful ADA, Rehabilitation Act or state statutory claim absent findings that the claim was unreasonable, frivolous, meritless or vexatious." Objections at 4.

Plaintiff asserts that "[b]ecause Legacy has not claimed, and this court has not found, that plaintiff's claims meet this standard, the court does not have discretion to award fees to Legacy for time litigating the ADA, Rehabilitation Act or state statutory civil rights claims." *Id*. at 6.

This argument is without merit. In this court's Opinion and Order issued June 13, 2007, all of plaintiff's asserted and proposed claims against Legacy under the ADA, the Rehabilitation Act, and Oregon statutes were rejected.

This court held:

> Legacy is entitled to dismissal of all of plaintiff's asserted and proposed claims against Legacy because plaintiff expressly promised to be bound by Legacy's applicable Credentials Policy (Credentials Policy or Policy) and to release all liability and waive all legal claims and exhaust all appeal procedures contained in that Policy, which is valid and enforceable.
>
> There is no dispute that in his application for privileges from Legacy, plaintiff executed a "release" of all potential claims against Legacy, granted immunity to Legacy, and covenanted not to sue Legacy.

Opinion and Order of June 13, 2007 (June 13, 2007 Order) at 13.

Next, this court recognized that:

PAGE 3 - ORDER

> [e]ven assuming that plaintiff's waiver of claims against Legacy and his confidentiality agreements were somehow unenforceable, plaintiff's asserted and proposed claims would nevertheless fail for several independent grounds. One such ground is that an employment relationship between plaintiff and Legacy has never existed.

June 13, 2007 Order at 17.

Finally, this court ruled as follows:

> All of plaintiff's asserted and proposed claims against Legacy under the ADA, the Rehabilitation Act, and Oregon statutes require plaintiff to demonstrate that an adverse action was imposed upon him because of his disability or because he was perceived to be disabled. Because plaintiff cannot meet this requirement, his asserted and proposed claims against Legacy are futile. Accordingly, Legacy is also entitled to summary dismissal of plaintiff's claims against it on the independent grounds that plaintiff failed to complete his application for credentials, despite Legacy's willingness to accommodate plaintiff's dilatory and ineffectual application efforts.

June 13, 2007 Order at 22.

Because no employment relationship ever existed between Legacy and plaintiff, plaintiff's reliance upon ADA-related case law to diminish or evade Legacy's claim for fees lacks merit. To the extent that such an analysis could be construed as applicable, this court's findings in its June 13, 2007 Order plainly establish that plaintiff's unsuccessful ADA, Rehabilitation Act and state statutory claims were unreasonable, frivolous, and vexatious as to Legacy. Legacy is entitled to recover its reasonable fees arising from its breach of contract defense. *See* O.R.S. § 20.096. Plaintiff's insistence upon litigating purported claims under the ADA, the Rehabilitation Act, and Oregon statutes against Legacy, with whom plaintiff had breached his contractual relationship, fails to cloak plaintiff with a shield against his liability for Legacy's fees claim.

PAGE 4 - ORDER

Plaintiff offers no other substantive arguments for reducing the number of hours claimed by Legacy. Instead, counsel offers an unsupported theory that "[t]he best measure of the excessive nature of Legacy's time is by comparing the time Legacy spent defending claims with the time plaintiff spent prosecuting the very same claims. Normally, a plaintiff will need to incur more time prosecuting a case than a defendant because plaintiff has the burden of proof." Objections at 9.

The court rejects this novel proposition. Plaintiff zealously advanced a series of claims and prosecuted extensive, highly sensitive discovery demands, compelling counsel for Legacy to engage in an exhaustive, comprehensive defense against these claims and demands. The proposal that Legacy's hours should be reduced because counsel was compelled to spend many more hours defending against plaintiff's efforts than plaintiff's counsel allegedly spent prosecuting plaintiff's case is wholly without merit.

Nothing else presented by plaintiff establishes what hours, if any, expended by Legacy's counsel could be deemed to be excessive, redundant or otherwise unnecessary. This court has examined Legacy's filings in support of its fee petition. Exhibit 1 filed in support of the Declaration by counsel Chris Kitchel is a detailed description of the services provided to Legacy to defend against plaintiff's claims from March 15, 2004 to July 7, 2008, and provides the dates that services were provided, the timekeepers who provided the services, the time spent providing those services, the amount of fees charged for those services (using the rate applicable to each timekeeper for that time period), and a detailed description of the services provided. All of the records submitted by counsel are thorough and contain detailed descriptions of the tasks completed and of the time expended on each specific task.

After considering plaintiff's objections and scrutinizing Legacy's submissions, this court upholds Legacy's "hours" claim, including the additional hours expended on fully briefing the memoranda for the fee petition. This court finds no grounds for concluding that counsel's request could be deemed excessive or redundant.

### 2.     Reasonable Rate

In issuing a fee award, "the district court must strike a balance between granting sufficient fees to attract qualified counsel to civil rights cases, and avoiding a windfall to counsel. The way to do so is to compensate counsel at the prevailing rate in the community for similar work; no more, no less." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (citations omitted).

Here, Legacy submitted the actual charges that it paid to its lawyers, based on the fees that the counsel's firm charged for services. Legacy also provided the Oregon State Bar 2007 Economic Survey (Survey). Kitchel Decl., Ex. 6.

The Kitchel Declaration also establishes that her law firm billed Legacy a "guideline" rate that was lower than an applicable "specialized" rate that could have been assessed. *See* Kitchel Decl. at Paragraph 5 (H) and 6.

Plaintiff's objections summarize that Ms. Kitchel's "guideline" rate is $365 per hour, which plaintiff argues should be construed as exceeding the seventy-fifth percentile of the rates established by the Survey ($325 per hour) by twelve percent. Objections at 10-11. Accordingly, plaintiff reasons, the rates being charged by Legacy should be reduced by twelve percent.

Moreover, plaintiff contends that this court should award defense attorneys rates that are no greater than the rates awarded to plaintiffs' attorneys who specialize in the same areas of law.

PAGE 6 - ORDER

Case 3:03-cv-01192-HA   Document 336   Filed 11/10/08   Page 7 of 9

Counsel for plaintiff declares that he is unaware of any attorney specializing in employment law, including himself, who has yet received an award of $350 per hour. Brischetto Aff. at 2.

The Ninth Circuit has recently provided explicit guidance applicable to resolving fee disputes:

> the burden of producing a sufficiently cogent explanation can mostly be placed on the shoulders of the losing parties, who not only have the incentive, but also the knowledge of the case to point out such things as excessive or duplicative billing practices. If opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut.

*Moreno*, 534 F.3d at 1116.

In this case, plaintiff has advanced a sufficient showing that – coupled with this court's examination of the Survey – establishes that the prevailing rate in the community for work similar to that which attorneys Kitchell and Barran performed in this case is no more than $325 per hour.

As the *Moreno* court instructed, this court's "inquiry must be limited to determining whether the fees requested by this particular legal team are justified for the particular work performed and the results achieved in this particular case." *Id*. at 1115.

> The court may permissibly look to the hourly rates charged by comparable attorneys for similar work, but may not attempt to impose its own judgment regarding the best way to operate a law firm, nor to determine if different staffing decisions might have led to different fee requests. The difficulty and skill level of the work performed, and the result achieved – not whether it would have been cheaper to delegate the work to other attorneys – must drive the district court's decision.

*Id*.

This court has examined the Survey, the rates requested, and the declarations filed in support and in opposition of Legacy's rate request. The court concludes that a maximum rate of $325 per hour is reasonable for the Portland, Oregon market for legal services associated with labor and employment litigation from attorneys Kitchel and Barran. This rate is commensurate with other labor and employment litigators who share a similar degree of experience and expertise of that attributable to those attorneys.

In so concluding, the court has considered the hourly rates charged by comparable attorneys, and has also evaluated the skill level required for defending against plaintiff's claims. While the zealous nature of plaintiff's prosecution created a significant burden for the defense counsel, compensation for that burden is reflected in the number of hours that the attorneys have billed. However, the court is compelled by the teaching provided by *Moreno* to conclude that the difficulty of the work itself was not so great as to warrant an award of a maximum rate any higher than $325 per hour in the Portland market.

**CONCLUSION**

For the reasons provided herein, and by this Order, Legacy's Motion for Attorney Fees (Petition for Fees and Costs) [328] is granted as follows:

Legacy is entitled to an award of fees and costs that reflects Legacy's unchallenged costs, which this court approves, plus fees in an amount that reflects a maximum hourly rate of $325 for the work performed by attorneys Kitchel and Barran.

Counsel for Legacy shall re-calculate their fee request accordingly and prepare a proposed Final Judgment for this action. This shall be filed no later than December 1, 2008.

Plaintiff Geoffrey Tyson shall file objections to this proposal, if any, no later than December 8, 2008. Final Judgment in this matter will be entered without further briefing or argument after that date.

IT IS SO ORDERED.

Dated this  10  day of November, 2008.


   /s/ ANCER L. HAGGERTY  
   ANCER L. HAGGERTY  
   United States District Judge